# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

DAVID WILSON                                                                PLAINTIFF

V.                              NO. 3:19CV00129 DPM/PSH

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION[1]                        DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, David Wilson, applied for disability benefits on December 15, 2016, alleging a disability onset date of January 1, 2014.[2] (Tr. at 9). The application was

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] Mr. Wilson amended his onset date to October 31, 2016. (Tr. at 9).

denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Wilson's claim. (Tr. at 34). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Wilson has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.   The Commissioner's Decision:

The ALJ found that Mr. Wilson had not engaged in substantial gainful activity since the amended alleged onset date of October 31, 2016. (Tr. at 11). At Step Two of the sequential five-step analysis, the ALJ found that Mr. Wilson had the following severe impairments: myalgia encephalomyelitis/chronic fatigue syndrome, degenerative disc disease of the lumbar spine, and asthma. *Id.*

The ALJ found that Mr. Wilson's impairments did not meet or equal a listed impairment. (Tr. at 13). Before proceeding to Step Four, the ALJ determined that Mr. Wilson had the residual functional capacity ("RFC") to perform work at the light level, with limitations. *Id*. He could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but could not climb ladders. *Id*. He could frequently reach, handle, finger, and feel, bilaterally. *Id*. He must avoid hazards such as unprotected heights and moving mechanical parts. *Id*. He must avoid extreme heat. *Id*. He would have to avoid pulmonary irritants such as concentrated exposure to dust, odors, and toxic

fumes. *Id*.

The ALJ next found that Mr. Wilson was unable to perform any of his past relevant work. (Tr. at 32). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Wilson's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 34). Therefore, the ALJ found that Mr. Wilson was not disabled. *Id*.

## III.   Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Mr. Wilson's Arguments on Appeal

Mr. Wilson contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ did not give proper weight to the opinion of Mr. Wilson's treating doctor, the ALJ did not properly consider Chronic Fatigue Syndrome ("CFS"), and the ALJ did not adequately analyze Mr. Wilson's subjective complaints. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Wilson suffered from a variety of symptoms such as fatigue, dizziness, stomach pain, and back pain. (Tr. at 19-26). Doctors from a variety of specialized clinics found it hard to tie all of these complaints together. This was because, in general, objective test results were normal (brain EEG, lumbar spine x-ray, pulmonary function testing, colonoscopy, EKG, lab work). (Tr. at 14-17). And musculoskeletal examinations showed negative straight-leg raise, no motor

abnormalities, normal strength and tone, no muscle spasms, and normal gait and reflexes. (Tr. at 1191-1192, 1211, 1428, 1430, 1437). On top of that, Mr. Wilson repeatedly said that medication like Gabapentin and Percocet helped his pain and improved his quality of life. (Tr. at 1189, 1391, 1393, 1395, 1401, 1492). He was able to do daily activities such as helping his daughter get dressed for school, doing light chores, fixing dinner, caring for a pet, and shopping in stores. (Tr. at 60-61, 265-268).

Mr. Wilson first argues that the ALJ did not properly consider CFS. The Court disagrees. In fact, the ALJ ruled CFS to be a severe impairment, and then discussed in detail the symptoms and diagnoses related to it. (Tr. at 12-28). She analyzed the medical opinions and Mr. Wilson's testimony and limited him to light work as a result of CFS. *Id.* Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security Ruling 96-8p, 1996 WL 374184 (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity). The relatively benign medical record shows that CFS did not render Mr. Wilson disabled. The ALJ considered the record as a whole, including Mr. Wilson's CFS.

Mr. Wilson next claims that the ALJ did not give proper weight to the opinions of Dr. Jerrydon Coon, D.O., who treated Mr. Wilson a few times during the relevant time period. Dr. Coon's records document that Mr. Wilson's physical examinations showed normal tone, no malalignment, normal strength, and normal gait and station. (Tr. at 1418, 1424-1430, 1501-1508). Mr. Wilson was healthy appearing and well-nourished at his visits. *Id*. Dr. Coon did not recommend aggressive treatment. *Id*. However, Dr. Coon submitted a medical source statement that limited Mr. Wilson to less than sedentary work. (Tr. at 1509-1510). Physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). Moreover, Dr. Coon's statement was on a short check box form with no citation to medical evidence, which renders it less than persuasive.

The ALJ weighed Dr. Coon's opinion in conjunction with that of the non-examining expert who found Mr. Wilson capable of light work. (Tr. at 91). This opinion was more in keeping with the medical evidence of mild conditions that were controlled by treatment. The ALJ did not err by discounting Dr. Coon's statement.

Finally, the ALJ properly evaluated Mr. Wilson's subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating

to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and she may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*. Here, the ALJ discussed mild testing results, Mr. Wilson's positive response to conservative treatment, improvement in condition, ability to perform activities of daily living, and the medical opinions of record. She fully considered Mr. Wilson's subjective complaints.

## VI.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Wilson was not disabled. The ALJ properly considered all impairments, gave appropriate weight to the medical opinions, and properly analyzed Mr. Wilson's subjective complaints. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 20th day of February, 2020.

_____

UNITED STATES MAGISTRATE JUDGE